# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

UNITED STATES OF AMERICA,     \*

                      \*

v.                   \*     CASE NO. 5:03-CR-103 WDO

                      \*     Motion Under 18 U.S.C. § 3582(c)

JUAN RUBALCAVA INIGUEZ,    \*

                      \*

## REPORT AND RECOMMENDATION

Petitioner Iniguez has moved, pursuant to 18 U.S.C. § 3582(c), for this court to Modify his sentence of May 25, 2004, of 70 months imprisonment for illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a) i/c/w § 1326(b)(2). Petitioner entered into a Plea Agreement with the Government and pleaded guilty to those violations on February 10, 2004. Petitioner filed no direct appeal. Therefore, his conviction was final on February 20, 2004.[1] Petitioner's time within which to collaterally attack his sentence would have been governed by 28 U.S.C. § 2255 ¶ 6, the AEDPA statute of limitations of one year from the finality of his conviction for all claims against the legality of his sentence. However, Petitioner brings his action under 18 U.S.C. § 3582(c), and, while the court could recharacterize and treat Petitioner's collateral challenge claims as brought in a time-barred § 2255 Motion, the petition will be treated as Petitioner has pleaded and prayed.

---

[1] *Adkins v. United States,* 204 F.3d 1086, 1089(11th Cir. 2000) holds that when no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is exhausted." *See* Fed.R.Cr.P. Rule 4(b)(1)9A)(i).

## Petitioner's Contentions

Petitioner Iniguez contends that 18 U.S.C. § 3582(c)(2) grants this court jurisdiction at this time to modify his sentence based upon a sentence range being lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(*o*) **subsequent** to the date of his sentencing. (emphasis added). He states at page 3 of his Motion (R-19) that, "The Sentencing Commission has codified the type of fast-track program in **U.S.S.G. § 5K3.1**, which provides for a four-level departure **on the government's motion** 'pursuant to an early disposition program authorized by the Attorney General of the United States **and the United States Attorney for the district in which the court resides.**'" (emphasis added).

Petitioner is correct that 28 U.S.C. § 994(*o*) provides:

> The Commission periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section.

Likewise, 18 U.S.C. § 3582(c)(1) & (2) provide:

> **(c) Modification of an imposed term of imprisonment.** — The court may not modify a term of imprisonment once it has been imposed except that –
> (1) in any case –
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that —
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and . . .

2

> (2) in the case of a defendant who has been
> sentenced to a term of imprisonment based on a
> **sentencing range that has subsequently been
> lowered by the Sentencing Commission** pursuant
> to 28 U.S.C. § 994(*o*), upon motion of the
> defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may
> reduce the term of imprisonment, after
> considering the factors set forth in section 3553(a)
> to the extent that they are applicable, if such a
> reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.
> (emphasis added).

First, the only amended guideline referenced by Petitioner is U.S.S.G. § 5K3.1, which was in force and effect at the time of Petitioner's sentencing on May 25, 2004, having been made effective on October 27, 2003.    U.S.S.G. § 5K3.1.    Moreover, § 5K3.1 was Commentary as to the discretionary policy statement for Early Disposition Programs, providing specifically:

> **Upon motion of the Government**, the court **may** depart
> downward not more than 4 levels pursuant to an early
> disposition program **authorized by** the Attorney General of the
> United States and **the United States Attorney for the district
> in which the court resides**.  (emphasis added).

Inasmuch as U.S.S.G. § 5K3.1 was in effect from October 27, 2003, a period of seven months before Petitioner was sentenced, the guideline does not meet the requirement of a "sentencing range that has subsequently been lowered by the Sentencing Commission" of 18 U.S.C. § 3582(c)(2) as emphasized above.   In fact, the amendment contained in U.S.S.G. § 5K3.1 does not address any guideline range, but only the discretionary application of Early

Disposition Programs. Furthermore, the record in this case is completely devoid of any evidence of authorization by the Attorney General of the United States or the United States Attorney for the Middle District of Georgia, the district in which the court sentencing petitioner resides. Likewise, the record in this case is also devoid of any evidence that the Government made the requisite motion that the court "depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States," pursuant to § 5K3.1.

Nonetheless, Petitioner argues that:

> Petitioner was denied due process when (neither) counsel nor the United States Attorney made him aware of the "Fast Track" Program for illegal aliens who would be deported after service of their federal prison time and advised petitioner that he was eligible, and in the case of his counsel, sought (sic) Petitioner's inclusion.

Petitioner does not contend that the Middle District of Georgia was ever designated as one of the districts to participate in the Fast-Track Program authorized by the Attorney General of the United States or the United States Attorney for the Middle Distict of Georgia. In fact, he points out on page 3 of his Motion that, "The United States Attorney's Office in at least twelve federal districts currently operate fast-track programs for illegal reentry cases," citing 2004 Utah Law Review 827, for "Federal Sentencing policies along the Southwest Border." Petitioner argues disparity of sentencing, denial of due process of law and equal protection of the law in the lack of application of the Fast Track Program in the Middle District of Georgia. These claims have been rejected by the United States Court of

Appeals for the Eleventh Circuit in *United States v. Arevalo-Juarez,* 464 F.3d 1246, 1251 (11th Cir. 2006), holding that:

> A fast-track reduction was specifically authorized by Congress because of unique and pressing immigration problems in certain districts. The appropriate Guideline (§ 5K3.1), however, provides unambiguously that a defendant may benefit from its application *only* on motion of the government, and only if the Attorney General has authorized the early disposition program in the district. . . . Plainly, Congress contemplated that discrepancies would arise because it structured the law the way it did.

See also *United States v. Anaya Castro,* 455 F.3d 1249, 1251 (11th Cir. 2006).

Petitioner Iniguez also mentions in passing that the Bureau of Prisons has failed to credit him with 2 ½ months of presentence jail time to which he feels entitled. The decision whether to reduce a prisoner's sentence remains solely within the discretion of the Bureau of Prisons (BOP), and that decision is not subject to judicial review. *Cook v. Wiley,* 208 Fed. 3d 1314 (11th Cir. 2000).

Petitioner has failed to show that he is entitled to any modification or reduction of his sentence under 18 U.S.C. § 3582(c)(1) or (2), or that this court is authorized to grant sentence relief in his case for any cause.

WHEREFORE, IT IS RECOMMENDED that Petitioner Iniguez's Motion For Modification of Sentence Under 18 U.S.C. § 3582(c) be denied. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of October 2006.

                                        S/ G. MALLON FAIRCLOTH
                                        UNITED STATES MAGISTRATE JUDGE